# EXHIBIT A

1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs,
   BAY AREA PAINTERS AND TAPERS
7  PENSION FUND, et al.

8

9

10

11                    UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  BAY AREA PAINTERS AND TAPERS          Case No.: C07-5937 SI
    PENSION FUND, et al.
15                                        **STIPULATION FOR ENTRY OF**
              Plaintiffs,                 **JUDGMENT**
16
    v.
17
    SYDNEY G. WOLTKAMP, individually and
18  dba VINTAGE DRYWALL

19            Defendant.

20

21        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

22  entered in the within action in favor of the plaintiffs and against defendant SYDNEY G.

23  WOLTKAMP, Individually and dba VINTAGE DRYWALL, as follows:

24        1.    Defendants entered into a valid collective bargaining agreement with the District

25  Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

26  Agreement").  This Bargaining Agreement has continued in full force and effect to the present

27  time.

28

                                                                    1-
                                        **STIPULATION FOR ENTRY OF JUDGMENT**
                                                **Case No.: 07-5937 SI**

2.     Defendants remain indebted to the Trust Funds for 10% liquidated damages and 7% per annum interest due for contribution delinquencies which were the cause of this action, during the period October 2006 through October 2007, under the terms of the Collective Bargaining Agreement and Trust Agreements, as follows:

| | | |
|---|---|---|
| Account # 2001 | $6,393.90 | |
| Account # 2071 | $3,261.05 | |
| | | $9,654.95 |
| Attorneys Fees (11/21/07—2/6/08) | $1,183.00 | |
| (2/7/08-3/13/08) | $916.00 | |
| | | $2,099.00 |
| Costs | | $737.60 |
| **TOTAL** | | **$12,491.55** |

3.     Defendants shall pay the amount of **$12,491.55** as follows:  Beginning on March 15, 2008, and continuing on or before the 15th of April and May 2008, defendants shall pay to plaintiffs **$3,000.00** per month. The balance due hereunder shall be paid in full on or before June 15, 2008.  Defendants shall have the right to increase the monthly payments at any time.

4.     Payments shall be made to the Bay Area Painters and Tapers Trust Funds, and delivered to Muriel B. Kaplan, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA  94105 **on or before the 15th of each month as stated above**, or to such other address as may be specified by plaintiffs.  In the event that any check is not timely submitted or  submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default.  If this occurs, plaintiffs shall make a written demand to defendants to cure said default.  Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs.  If defendants elect to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by

2-
**STIPULATION FOR ENTRY OF JUDGMENT**
**Case No.: 07-5937 SI**

plaintiffs.  For any payment not timely received, 7% (seven percent) per annum interest shall accrue on the total unpaid balance herein until payment is made.

5.    Beginning with contributions due for hours worked by defendants' employees during the month of February 2008, to be received no later than March 20, 2008, and for every month thereafter until this judgment is satisfied, defendants **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment to the Trust Funds.**  Failure by defendants to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply.  Any such unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6.    Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants, in writing, of any additional amounts owed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter.  Said amount shall be paid with the last payment due.

7.    In the event that defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 5 above, then,

(a)    The entire balance of **$12,491.55** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 10%

-3-
**STIPULATION FOR ENTRY OF JUDGMENT**
**Case No.: 07-5937 SI**

1  liquidated damages and 7% per annum interest thereon as provided in above paragraph 5 shall be

2  immediately due, together with any additional attorneys' fees and costs under section (d) below.

3          (b)    Upon declaration of the default by a duly authorized representative of the

4  plaintiffs, setting forth any payment theretofore made by or on behalf of defendants and the

5
   balance due and owing as of the date of default, judgment may be entered and a writ of execution
6
7  may be obtained against defendants without further notice, in the amount of the unpaid balance,

8  plus any additional amounts under the terms herein.

9          (c)    Defendants waive notice of entry of judgment and expressly waive all rights

10 to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of

11 plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the

12
   issuance of a writ of execution.
13
14         (d)    Defendants shall pay all additional costs and attorneys' fees incurred by

15 plaintiffs from March 13, 2008 and thereafter in connection with collection and allocation of the

16 amounts owed by defendants to plaintiffs under this Stipulation.

17     8.      Any failure on the part of the plaintiffs to take any action against defendants as

18 provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

19 a waiver of any subsequent breach by the defendants of any provisions herein.

20
21     9.      Plaintiffs specifically reserve all rights to bring a subsequent action against

22 defendants for the collection of any additional contribution delinquencies found to be due for the

23 hours worked during the periods preceding the date of this Stipulation. Defendants specifically

24 waive the defense of the doctrine of res judicata in any such action.

25     10.     Upon full satisfaction of all amounts due under the terms herein, plaintiffs shall

26 dismiss the action in full.

27 ///

28

                                                                                          4-
                                              **STIPULATION FOR ENTRY OF JUDGMENT**
                                                                    **Case No.: 07-5937 SI**

P:\CLIENTS\PATCL\Vintage Drywall 3\Pleadings\C07-5937 Stipulation for Entry of Judgment 031708.DOC

11.    In the event of the filing of a bankruptcy petition by defendants the parties agree that any payments made by defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

Dated: April 18, 2008

SYDNEY G. WOLTKAMP

By: _____
Individually and dba
VINTAGE DRYWALL

Dated: April 21 March ____, 2008

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____
Muriel B. Kaplan
Attorneys for Plaintiffs

Approved as to form:

GANZER & WILLIAMS

Dated: March 18, 2008

By: _____
James Edward Ganzer, Esq.

IT IS SO ORDERED.

Dated: _____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE

5-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.: 07-5937 SI

P:\CLIENTS\FATC\Vintage Drywall 3\Pleadings\C07-5937 Stipulation for Entry of Judgment 51170b.DOC